UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

AUG 13 2024 PM3:36
FILED - USDC - FLMD - TPA

v.  CASE NO. 8:24cr381 JSM-NHA

JEFFREY JOHN BORHO

18 U.S.C. § 875(b)
(Extortion by Interstate Communication)
18 U.S.C. § 875(c)
(Interstate Communication of a Threat to Injure)

## INDICTMENT

The United States Attorney charges:

### COUNT ONE
### (Extortion by Interstate Communication)

On or about July 4, 2024, in the Middle District of Florida, and elsewhere, the defendant,

JEFFREY JOHN BORHO,

did knowingly transmit in interstate commerce a communication containing a true threat to injure the person of another, with the intent to extort money from a person, by sending Victim 1 a threat via text message.

In violation of 18 U.S.C. § 875(b).

### COUNT TWO
### (Interstate Communication of a Threat to Injure)

On or about July 4, 2024, in the Middle District of Florida, and elsewhere, the defendant,

JEFFREY JOHN BORHO,

did knowingly transmit in interstate commerce a communication containing a true threat to injure the person of another, with the intent to communicate a true threat and with recklessness as to whether the communication would be viewed as a true threat, by sending Victim 1 a threat via video message.

In violation of 18 U.S.C. § 875(c).

## FORFEITURE

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 875(b) and (c), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL

[signature redacted]

Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Ross Roberts
Assistant United States Attorney

By: _____
Michael C. Sinacore
Assistant United States Attorney
Chief, Special Prosecutions Section

3

FORM OBD-34
August 24

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Tampa Division

THE UNITED STATES OF AMERICA

vs.

JEFFREY JOHN BORHO

INDICTMENT

Violations: 18 U.S.C. § 875(b)
18 U.S.C. § 875(c)

A true bill,

_____
Foreperson

Filed in open court this 13th day

of August, 2024.

_____
Clerk JEREMIAH SMITH

Bail $_____

GPO 863 525